# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**CINDY MARIE BAYS,**

      **Plaintiff,**

v.                                          **CASE NO. 2:11-cv-00548**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have submitted briefs in support of their positions.

Plaintiff, Cindy Marie Bays (hereinafter referred to as "Claimant"), filed an application for SSI on June 6, 2008, alleging disability as of November 30, 2007, due to memory problems, headaches, mood swings and carpal tunnel syndrome. (Tr. at 147-53, 177.) The claim was denied initially and upon reconsideration. (Tr. at 52-56, 62-64.) On August 3, 2009, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 65-66.) The hearing was held on November 15, 2010, before the Honorable Thomas Erwin. (Tr. at 31-49.) By decision dated February 8,

2011, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 16-26.) The ALJ's decision became the final decision of the Commissioner on June 16, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4.) On August 12, 2011, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2011). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d

260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, <u>McLain v. Schweiker</u>, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2011). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. <u>McLamore v. Weinberger</u>, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the date of the application. (Tr. at 18.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of obesity, ankle pain without anatomical basis, depression, and borderline intellectual functioning. (Tr. at 18.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19.) The ALJ then found that Claimant has a residual functional capacity for medium work, reduced by nonexertional limitations. (Tr. at 21.) Claimant has no past relevant work. (Tr. at 25.) The ALJ concluded that Claimant could perform jobs such as dishwasher, hand packer and material handler, which exist in significant numbers in the national economy. (Tr. at 26.) On this basis, benefits were denied. (Tr. at 26.)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner

denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was fifty years old at the time of the administrative hearing. (Tr. at 36.) Claimant completed the seventh grade and was in special education. (Tr. at 36-37.) In the past, Claimant only worked for short periods, never for long enough to qualify as substantial gainful activity under the social security regulations, 20 C.F.R. § 416.974 (2011). (Tr. at 37.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of

4

record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ violated 20 C.F.R. § 416.918 by failing to find good cause for the Claimant's inability to appear for her post-hearing consultative examination and, as a result, failed to adequately develop the record. The Claimant argues that she was scheduled to appear at an examination on December 27, 2010, but was unable to attend that day and rescheduled the examination to January 19, 2011. On January 18, 2011, Claimant's counsel contacted the Claimant to remind her of the examination, and Claimant assured her counsel she would attend. However before the examination, Claimant was taken to Charleston Area Medical Center Women's and Children's Hospital for a bacterial infection in her leg. Claimant states that she contacted Aspire Occupational Rehabilitation to let them know she would not be able to attend, and left a message with the DDS examiner who issued the appointment notice. Claimant asserts that according to 20 C.F.R. § 416.918, illness on the date of the examination is considered good cause for failure to attend a consultative examination. However, the examination was not rescheduled, and the ALJ made his decision based on the evidence of record, which the Claimant contends the ALJ acknowledged was inadequate. (Pl.'s Br. at 2-4.)

The Commissioner argues that the Claimant has a history of missing appointments, including the one scheduled by the Social Security Administration at the ALJ's request for January 19, 2011. The Commissioner asserts that Claimant failed to attend the evaluation or provide good reason as to why she did not attend. (Def.'s Br. at

5

14-16.)

The evidence of record indicates that in denying Claimant's request for reconsideration on June 26, 2009, Regional Commissioner, Laurie Watkins, wrote that

> [t]he information in your file was insufficient to allow us to make a decision on your claim; therefore, a consultative examination was scheduled for you. You were advised of the time and location, and that failure to keep the appointment would result in a decision based on the evidence in the file. You failed to keep the appointment. We rescheduled the appointment and notified you of the new date and time. You again failed to keep the appointment. Since the evidence in your file is insufficient to show that you are disabled, your claim cannot be allowed.

(Tr. at 62.)

At the administrative hearing, the medical expert, Dr. Carver, testified that the latest evidence of record was from 2009. (Tr. at 42.) Upon questioning, he agreed with Claimant's counsel that additional testing would be helpful. (Tr. at 45.) At the conclusion of the hearing, the ALJ stated that he would send Claimant out for an updated consultative examination with testing because there had been no treatment notes in almost two years. (Tr. at 48.)

On February 1, 2011, a Senior Case Technician at ODAR emailed David Hudkins at the State disability determination service and asked if Claimant attended the examination discussed at the administrative hearing. (Tr. 245.) Mr. Hudkins immediately responded that "she did not. I am in the process of dispatching the case back to ODAR. It should be closed on our end by the end of the week." (Tr. at 245.) The ALJ issued his decision on February 8, 2011, and stated that "[a]t the conclusion of the hearing, a psychological consultative evaluation was scheduled in an attempt to more fully develop the record. The claimant did not appear for the scheduled evaluation,

6

provide an explanation for such failure to appear, or request for the evaluation to be rescheduled. Accordingly, the undersigned finds that the claim is now ready for decision."  (Tr. at 16.)

For the first time, in argument made to the Appeals Council, Claimant stated that an examination originally was scheduled for December 27, 2010, with Lester Sergeant at Aspire Occupational Rehabilitation. The Claimant was unable to attend, and rescheduled the examination for January 19, 2011. On January 18, 2011, counsel for the Claimant's office contacted Claimant and reminded her of the appointment for the following day.

> However, at 7:40 am on January 19, 2011, Ms. Bays was taken to Women's and Children's Hospital for a bacterial infection in her leg. Ms. Bays contacted Aspire Occupational Rehabilitation to let them know she would not be able to attend her examination and left a message for David Hudkins, the DDS Examiner who issued the appointment notice, to make sure he was aware that she was unable to make the appointment.

(Tr. at 248.) The Appeals Council found that this information did not provide a basis for changing the ALJ's decision. (Tr. at 1-2.)

The applicable regulation at 20 C.F.R. § 416.918(a)(2011) states that

> [i]f you are applying for benefits and do not have a good reason for failing ... to take part in a consultative examination ... which we arrange for you ... we may find that you are not disabled or blind. ***  Therefore, if you have a reason why you cannot go for the scheduled appointment, you should tell us about this as soon as possible before the examination date. If you have a good reason, we will schedule another examination. We will consider your physical, mental, educational, and linguistic limitations ... when determining if you have a good reason for failing to attend a consultative examination.

Illness on the date of the scheduled examination or test is one example of good reason for failure to appear.  Id. at § 416.918(b)(1).

7

The court proposes that the presiding District Judge find that the ALJ did not err by failing to find good reason for Claimant's failure to appear for the post-hearing consultative examination. At the time of the ALJ's decision, there was **no** explanation from Claimant as to why she did not attend the examination, as it was not until Claimant submitted her brief to the Appeals Council a few months later that she even provided an explanation for her absence at the examination. The ALJ was justified in finding that Claimant had not shown good reason for missing the consultative examination.

Pursuant to <u>Wilkins v. Secretary</u>, 953 F.2d 93, 96 (4th Cir. 1991), the Appeals Council incorporated into the administrative record the letter submitted by Claimant's counsel outlining her reason for not appearing at the consultative examination, and as a result, the court must review the record as a whole, including the letter from Claimant's counsel submitted to the Appeals Council, in order to determine whether the ALJ erred in failing to find good reason for Claimant's failure to attend the consultative examination.

While Claimant explains in the letter submitted to the Appeals Council that she was admitted to the hospital on the morning of the examination, she provides no evidence to substantiate this claim; i.e., no medical records, affidavits or other evidence indicating this actually occurred. And, she provided this evidence to the Appeals Council in April of 2011, over two months after the ALJ's decision. There is no evidence of record, such as a letter or telephone notation, confirming that Claimant contacted Mr. Hudkins or the ALJ at the time of the appointment. As such, the court proposes that the presiding District Judge find that substantial evidence supports the determination that

8

Claimant did not show good reason for her failure to attend the consultative examination.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

9

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

<u>May 15, 2012</u>
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge