```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**CINDY MARIE BAYS,**

       Plaintiff,

v.                                    CIVIL ACTION NO: 2:11-cv-00548

**MICHAEL J. ASTRUE,**
Commissioner, Social Security
Administration,

       Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

On August 12, 2011, plaintiff instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  The sole issue before the court is whether the decision denying plaintiff's claim is supported by substantial evidence.  <u>See</u> 45 U.S.C. § 405(g).

By standing order this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge.  On May 15, 2012, the magistrate judge filed her Proposed Findings and Recommendation ("PF&R").  In the PF&R, the magistrate recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket.  On May 31, 2012, plaintiff filed her objection.  On June 13, 2012, the Commissioner filed his response.

I.

On June 26, 2008, plaintiff filed an application for supplemental security income.  That claim was denied initially on September 29, 2008, and upon reconsideration on June 26, 2009.  On July 29, 2009, plaintiff filed a written request for a hearing, which was held before Administrative Law Judge Thomas Erwin ("ALJ") on November 15, 2010.  At the conclusion of that hearing, a post-hearing psychological consultative evaluation was scheduled in an attempt to further develop the record.

The post-hearing evaluation was originally scheduled for December 27, 2010.  However, plaintiff was unable to attend that day, and the examination was rescheduled for January 19, 2011.  On January 18, 2011, plaintiff's counsel contacted plaintiff to remind her of the appointment.  Nonetheless, plaintiff failed to appear for the examination.  Instead, she claims, early on the morning of the examination she was taken to a local hospital to treat a bacterial infection in her leg.  She further claims that she at some point contacted the examiner's office at the state Disability Determination Section ("DDS") to make them aware that she was unable to make the appointment.  No

new examination was scheduled. Subsequently, on February 8, 2011, the ALJ issued his opinion, stating that

> at the conclusion of the hearing, a psychological consultative evaluation was scheduled in an attempt to more fully develop the record. The claimaint did not appear for the scheduled evaluation, provide an explanation for such failure to appear, or request for the evaluation to be rescheduled. Accordingly, the undersigned finds that the claim is now ready for decision.

(Tr. at 16). Ultimately, the ALJ concluded that plaintiff was not disabled. (Id. at 26).

## II.

Plaintiff reasserts an argument that was addressed by the magistrate in her PF&R, that the Commissioner's decision is not supported by substantial evidence because the ALJ violated 20 C.F.R. § 416.918 by failing to find good cause for plaintiff's inability to appear for a post-hearing consultative examination and, as a result, failed to adequately develop the record. The applicable regulation states that

> If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind. If you are already receiving benefits and do not have a good reason for failing or refusing to take part in a consultative examination or

3

> test which we arranged for you, we may determine that
> your disability or blindness has stopped because of
> your failure or refusal. Therefore, if you have any
> reason why you cannot go for the scheduled
> appointment, you should tell us about this as soon as
> possible before the examination date. If you have a
> good reason, we will schedule another examination. We
> will consider your physical, mental, educational, and
> linguistic limitations (including any lack of facility
> with the English language) when determining if you
> have a good reason for failing to attend a
> consultative examination.

20 C.F.R. § 416.918(a). Illness on the date of a scheduled examination or test is one example of a good reason for failure to appear. Id. at § 416.918(b)(1).

As the magistrate judge observed, at the time of the ALJ's decision, plaintiff had offered no explanation for missing her scheduled examination. While plaintiff subsequently explained in her brief to the Appeals Council two months later in April, 2011, that she was admitted to the hospital on the morning of her scheduled examination, she provides no evidence -- such as medical records or affidavits -- indicating that her hospitalization actually occurred. Further, plaintiff does not provide any evidence that she contacted DDS or the ALJ at the time of her appointment. As such, the substantial evidence supports the determination that plaintiff did not show good reason for her failure to attend the consultative examination.

III.

For the reasons stated, and having reviewed the record de novo, the court ORDERS as follows:

1.  That the PF&R be, and it hereby is, adopted and incorporated herein;

2.  That judgment be, and it hereby is, granted in favor of the Commissioner;

3.  That the Commissioner's final decision be, and it hereby is, affirmed; and

4.  That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: July 17, 2012

John T. Copenhaver, Jr.
United States District Judge